Katherine LAI, Appellant

v.

GARRUBBO, CAPECE, D'ARCANGELO, MILLMAN & SMITH, P.C.; Laurie Esteves; Sharp & Brown LLP; Julia Klubenspies; McDonough, Korn & Eichhorn.

No. 07–1529.

United States Court of Appeals, Third Circuit.

Submitted Under Third Circuit LAR 34.1(a) Aug. 28, 2007.

Filed Aug. 30, 2007.

Katharine Lai, West Orange, NJ, pro se.

Joseph L. Garrubbo, Garrubbo, Capece, D'Arcangelo, Millman & Smith, Westfield, NJ, Louis A. Modugno, McElroy, Deutsch, Mulvaney & Carpenter, Morristown, NJ, R. Scott Eichhorn, McDonough, Korn, Eichhorn & Schorr, Springfield, NJ, for Appellees.

BEFORE: FISHER, ALDISERT and WEIS, Circuit Judges.

OPINION

PER CURIAM.

*Pro se* Appellant Katherine Lai appeals from a District Court order dismissing her complaint with prejudice pursuant to Fed-

eral Rule of Civil Procedure 12(b)(6), and denying her request for an entry of default against certain Defendants. We will affirm.

### I.

According to the complaint, Lai alleged that she received a burn in the shape of the letter "L" during a surgical procedure in 2003. Lai filed a state court complaint asserting, among other claims, sexual assault, harassment and medical malpractice against her doctor and nurse staff as well as the St. Barnabas Medical Center.

In July 2006, Lai filed the federal complaint giving rise to this appeal. In her complaint, Lai asserted claims against the attorneys and law firms that represented the defendants in the state court action. She asserted three claims in her complaint: (1) two claims pursuant to the Civil Rights Act of 1964, 42 U.S.C. §§ 2000a–2000h; and (2) one claim pursuant to the American with Disabilities Act ("ADA"), 42 U.S.C. §§ 12101–12213. The District Court dismissed the complaint pursuant to Federal Rule of Civil Procedure 12(b)(6), and denied her request for an entry of default. Next, the District Court denied Lai's timely motion for reconsideration on January 24, 2007, and again dismissed the complaint. Subsequently, Lai timely filed a notice of appeal.

### II.

We have jurisdiction pursuant to 28 U.S.C. § 1291. Our standard of review over the District Court's dismissal pursuant to Federal Rule of Civil Procedure 12(b)(6) is plenary. *See Nami v. Fauver*, 82 F.3d 63, 65 (3d Cir.1996). "Federal Rule of Civil Procedure 8(a)(2) requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief.'" *Bell Atl. Corp. v. Twombly*, —— U.S. ——, 127 S.Ct. 1955, 1964, 167 L.Ed.2d 929 (2007)(quoting *Conley v. Gibson*, 355 U.S. 41, 47, 78 S.Ct. 99, 2 L.Ed.2d

80 (1957)). In determining whether Lai has stated a claim, we must accept her factual allegations as true and draw all reasonable inferences from them in her favor. *See Alston v. Parker*, 363 F.3d 229, 233 (3d Cir.2004).

### III.

For essentially the reasons given by the District Court, we agree with its order dismissing the complaint and denying Lai's request for an entry of default. Specifically, Lai's allegations that the Defendants violated the Civil Rights Act of 1964 and the ADA during the defense of their clients in the state court proceedings failed to state a claim under either of these statutes. Additionally, no default was ever entered by the clerk, *see* Fed.R.Civ.P. 55(a), and we note that default judgments are disfavored as decisions on the merits are encouraged. *See Harad v. Aetna Cas. & Sur. Co.*, 839 F.2d 979, 982 (3d Cir.1988). The judgment of the District Court will be affirmed.